IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JIMMIE ROGERS and ROBERT ROGERS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | CASE NO. 3:14-CV-179-WHA-WC |
| | ) | (WO) |
| SOUTH STAR LOGISTICS, INC. and GILL SINGH, | ) ) ) | |
| Defendants. | ) | |

ORDER

This cause is before the court on four of the Defendants' Motions in Limine (Docs. # 40, 42, 46, 47) and Objections to the Witness List (Doc. # 43). Also before the court are the Plaintiffs' Responses to the motions (Docs. # 60, 62, 64, 65). Because one of the Defendants' Objections to the Plaintiffs' Witness List is directly related to one of these Motions in Limine, the court will dispose of it based upon the discussion of the Motion in Limine.

Motions in Limine not addressed in this Order will be disposed of by a later Order.

1. **Motion to Exclude Jimmie Rogers, Jr. as a Witness**

In the Defendants' first Motion in Limine (Doc. # 40), they move to prevent Plaintiffs' witness Jimmie Rogers, Jr. from testifying on the grounds that the Plaintiffs "failed to disclose him on their Initial Disclosures, in their Interrogatory Responses, and failed to disclose him as a potential witness in a timely manner." (Doc. # 40 at 1–2.) According to the Defendants, the first time the Plaintiffs disclosed Jimmie Rogers, Jr. as a witness was May 4, 2015, and the Defendants were not able to depose him before the discovery deadline.

1

In response, the Plaintiffs contend that Jimmie Rogers, Jr.'s name "came to light during the Plaintiffs' deposition on March 31, 2015," and he is therefore "not a surprise witness." (Doc. # 60 at 1.) The Plaintiffs further assert that his testimony "would simply confirm and bolster the testimony of both Robert Rogers and Jimmie Rogers, Sr." (*Id.*)

The parties agree that Jimmie Rogers, Jr. was not disclosed as a witness until May 4, 2015, one week before the discovery deadline in this case. The Plaintiffs maintain he is not a surprise witness because his name "came to light" on March 31, 2015. A person being mentioned in a deposition is not adequate notice to opposing counsel that the person will be used as a witness at trial. The Plaintiffs could have supplemented their disclosures following the deposition on March 31, 2015, in order to disclose that they considered Jimmie Rogers, Jr. to be a potential witness. The Plaintiffs have not shown any good cause for their failure to do so before May 4, 2015. For these reasons, the court finds the Defendants' first Motion in Limine is due to be GRANTED to the extent that Jimmie Rogers, Jr. will be precluded from testifying at trial.

2. **Motion to Exclude Evidence of Defendant Gill's Immigration Status**

In the Defendants' third Motion in Limine (Doc. # 42), they move to exclude any discussion or evidence of Mr. Gill's immigration status.[1] The Defendants argue that any mention of Mr. Gill's immigration status "is irrelevant, prejudicial, and is only an attempt to appeal to the jury's potential bias regarding immigrants." (Doc. # 42 at 1.) In response, the Plaintiffs have withdrawn their Exhibits 2 and 3, both of which related to the Defendant's immigration status and were referenced in the Defendants' Motion in Limine. Because the Plaintiffs have withdrawn this evidence, the Defendants' third Motion in Limine is due to be DENIED as moot.

---

[1] Mr. Gill is legally in the United States on a work visa. (Doc. # 42 at 1.)

2

### 3. Motion to Exclude Evidence Related to the Plaintiffs' Wantonness Claim

In the Defendants' sixth Motion in Limine (Doc. # 46), they ask the court to preclude any mention of, reference to, or evidence of the Plaintiffs' wantonness claim and related request for punitive damages. They claim there is simply no evidence capable of establishing wantonness or a basis for punitive damages, relying heavily on case law including *Ex parte Essary*, 992 So. 2d 5 (Ala. 2007), in which the Alabama Supreme Court affirmed the trial court's decision to grant summary judgment to the defendant in the case.

In response, the Plaintiffs argue that the motion in limine is really a motion for summary judgment as it asks the court to "rule on specific claims in an untimely manner without proper evidence to support a motion for summary judgment." (Doc. # 62 at 2 ¶ 4.) The Plaintiffs also point out that the deadline for dispositive motions in this case was March 17, 2015.

The *Essary* decision, from which the Defendants glean the bulk of their argument on this Motion in Limine, reviewed a trial court's order granting summary judgment to the defendant in that case. Thus, that decision assessed the case below at a different procedural stage. This Motion in Limine is not addressed to any specific evidence the Plaintiff has identified, but rather claims there is not sufficient evidence to sustain the wantonness claim and request for punitive damages as a matter of law. The court agrees with the Plaintiffs that a Motion in Limine is not the proper mechanism by which to contest the legal sufficiency of the evidence. The Defendants have not made any arguments based on the Federal Rules of Evidence in supporting the motion. The court finds that the deadline for dispositive motions has passed, and that at this stage of the case, it would not be appropriate to enter an order excluding any evidence of wantonness or evidence meant to establish a basis for punitive damages. Defendants will be free to make an

appropriate motion at the conclusion of the evidence.  Therefore, this Motion in Limine is due to be DENIED.

    **4.  Motion to Exclude Medical Testimony**

In the Defendants' seventh Motion in Limine (Doc. # 47), they move to exclude: 1) treatment, diagnoses, medical records, or recommendations by Dr. Waldrop or Dr. Bernard; and 2) testimony by the Plaintiffs as to their own medical conditions.  As to Dr. Waldrop and Dr. Bernard, the Defendants argue that in his deposition, Dr. Rehak had not reviewed the treatment that Dr. Waldrop or Dr. Bernard performed on Plaintiff Robert Rogers.  Neither Dr. Waldrop nor Dr. Bernard has been deposed.  The Defendants assert that without expert testimony, the Plaintiffs cannot prove medical expenses or causation as to the treatment by Dr. Waldrop and Dr. Bernard.  As to testimony by the Plaintiffs about their own medical conditions, the Defendants argue that under Alabama law, "statements made by a doctor are inadmissible hearsay," even if statements made for the purposes of medical diagnosis or treatment are subject to a hearsay exception under Fed. R. Evid. 803(4).  (Doc. # 47 at 2–3.)  The Plaintiffs assert that under Rule 803(4), the declarant is assumed to be the patient, not the doctor.

In response, the Plaintiffs concede the first part of the Motion in Limine, stating that Dr. Waldrop and Dr. Bernard's records should be excluded.  As to the second part of the motion, the Plaintiffs argue that "to prohibit the Plaintiff Robert Rogers from testifying to his own injuries, physical pain, and medical condition would be prejudicial."  (Doc. # 64 at 1.)  The court finds that such testimony by either Plaintiff, as to his own injuries and physical pain, would not be hearsay.  This is consistent with the Defendants' argument that for the purposes of Rule 803(4), the declarant is the patient.  Statements related to the Plaintiffs' injuries would only be hearsay if they were diagnoses communicated by a physician to either Plaintiff.  To the extent the declarant

is one of the physicians, the Plaintiffs cannot testify as to the diagnoses.  To the extent the Plaintiffs will testify about their own experiences and symptoms, there is no issue of hearsay.  Therefore, this Motion in Limine is due to be GRANTED to the extent that the records of Dr. Waldrop and Dr. Bernard will be excluded, along with any testimony by the Plaintiffs about their doctors' diagnoses; and DENIED to the extent that the Plaintiffs may testify about their own experiences and symptoms.

## CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. The Defendants' first Motion in Limine (Doc. # 40) is GRANTED.  Jimmie Rogers, Jr. will not be permitted to testify.

2. The Defendants' third Motion in Limine (Doc. # 42) is DENIED as moot.

3. The Defendants' sixth Motion in Limine (Doc. # 46) is DENIED, and the Plaintiffs will be permitted to offer evidence on their wantonness claim.

4. The Defendants' seventh Motion in Limine (Doc. # 47) is GRANTED to the extent that the records of Dr. Waldrop and Dr. Bernard will be excluded, along with any testimony by the Plaintiffs about their doctors' statements to the Plaintiffs; and DENIED to the extent that the Plaintiffs may testify about their own experiences and symptoms.

5. The Defendants' second Objection to the Witness List (Doc. # 43) is SUSTAINED as to Jimmie Rogers, Jr.

DONE this 28th day of May, 2015.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE