IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JIMMIE ROGERS and ROBERT ROGERS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | CASE NO. 3:14-CV-179-WHA-WC (WO) |
| SOUTH STAR LOGISTICS, INC. and GILL SINGH, | ) ) ) | |
| Defendants. | ) | |

ORDER

This cause is before the court on the Plaintiffs' Omnibus Motion in Limine (Doc. # 56). Also before the court is the Defendants' Response (Doc. # 73). In total there are six individual Motions in Limine. The court will discuss each in turn.

1. **Motion to Exclude Evidence of Medical Liens, Subrogation, or Third Party Payment of Medical Bills**

In the Plaintiffs' first Motion in Limine, they request that the Defendants be precluded from introducing "irrelevant, speculative and improper records, testimony or argument regarding medical liens, subrogration, or third party payment of medical bills during the trial of the case." (Doc. # 56 at 2.) The Plaintiffs offer no additional support for the Motion other than summarily citing Fed. R. Evid. 401 and 403. In response, the Defendants argue that evidence of collateral source payments is admissible under Ala. Code § 12-21-45. They further argue that this Alabama collateral source rule is substantive and therefore applicable in this federal diversity case.

1

The court agrees with the Defendants.  This court has previously considered whether § 12-21-45 is substantive law, and after a lengthy analysis concluded that it is.  *Shelley v. White*, 711 F. Supp. 1295, 1296–97 (M.D. Ala. 2010).  Therefore, evidence of collateral source medical payments is admissible in this case.  The Plaintiffs' first Motion in Limine is due to be DENIED.

**2. and 3. Motions to Exclude Evidence Concerning Unrelated Medical Conditions and Previous Accidents**

In the Plaintiffs' second and third Motions in Limine, they move to exclude reference to or evidence of previous collisions and accidents involving the Plaintiffs.  They argue that there is no evidence that these collisions are related to the accident underlying the suit, or that any previous injuries contributed to the injuries that arose in the collision with the Defendants' truck.  Specifically, the Plaintiffs contend that because both doctors who will testify believe the previous injuries were resolved and did not affect the injuries sustained in the accident in this case, the previous accidents are "immaterial." They also argue that allowing any evidence of previous accidents will result in a danger of unfair prejudice because the jury "could believe that these Plaintiffs are accident prone or speculate as to some other improper conclusion [regarding] these previous incidents."  (Doc. # 56 at 5.)

In response, the Defendants assert that evidence of a previous car accident on May 23, 2011 involving Jimmie Rogers, and specifically a CT scan taken the same day of his cervical spine, are relevant to their contention that the instant accident did not cause his cervical spine injury.  In addition to any past damages for this particular injury, Jimmie Rogers is expected to ask for damages for a recommended future cervical fusion.  The Defendants maintain that because the CT scan taken after the 2011 accident is consistent with the CT scan taken after this accident in 2012, any future surgery would not be related to an injury sustained in the 2012 collision.

2

The court finds that the previous CT scan has probative value on the issue of whether Jimmie Rogers sustained a cervical spine injury in the accident underlying this case, and the related issue of whether the need for a future spine fusion is related to this accident. Therefore, evidence of the previous cervical spine CT scan will be permitted, along with evidence of the fact that the May 23, 2011 accident occurred and the previous scan was taken on the same day. In order to prevent any unfair prejudice or confusion, any further evidence of other car accidents or injuries will not be permitted unless a proper foundation is laid outside the presence of the jury. The probative value of the CT scan is not "substantially outweighed" by the danger of unfair prejudice, Fed. R. Evid. 403, because the evidence that Jimmie Rogers was in one other accident in the past, by itself, is not likely to cause a reasonable juror to think he is unusually accident prone. For these reasons, this Motion in Limine is due to be DENIED to the extent that the Defendants' counsel may present evidence on the May 23, 2011 CT scan and the fact that Jimmie Rogers was in an accident that day, but GRANTED as to any other evidence of past accidents or injuries, and as to more detailed evidence about the May 23, 2011 accident.

**4. Motion to Exclude Evidence Related to the Defendants' Financial Condition**

The Plaintiffs' fourth Motion in Limine seeks to exclude evidence related to the Defendants' financial condition. Specifically, the Plaintiffs are concerned that the Defendants "should not be able to imply that [South Star] is a small 'mom and pop' company implying it would not have the financial ability to pay a verdict." (Doc. # 56 at 5.)   The Defendants' Response does not address this Motion in Limine.

Under Alabama law, "evidence of the defendant's wealth is highly prejudicial and, therefore, inadmissible." *S. Life & Health Ins. Co. v. Whitman*, 358 So. 2d 1025, 1026 (Ala. 1978); *see also Ray v. Ford Motor Co.*, 3:07CV175-WHA-TFM, 2011 WL 6183099, at *5 (M.D.

3

Ala. Dec. 13, 2011) (citing this rule and applying substantive Alabama law in excluding evidence of the defendant's wealth). The court sees no reason to deviate from this longstanding rule, and therefore, this Motion in Limine is due to be GRANTED.

## 5. Motion to Exclude Evidence Related to Outstanding Child Support Arrearages Against Plaintiff Robert Rogers

In their fifth Motion in Limine, the Plaintiffs ask the court to preclude the Defendants and their counsel from mentioning, alluding to, or presenting any evidence of outstanding child support arrearages of Robert Rogers in the state of Missouri. The Plaintiffs contend such evidence is irrelevant and immaterial, lacks probative value, and carries a danger of unfair prejudice. The Defendants' Response does not address this Motion in Limine.

The court finds no reason to admit any evidence of child support arrearages against Robert Rogers, as such evidence is not relevant to the issue of whether he was contributorily negligent in this accident or the extent of any damages resulting therefrom. This Motion in Limine is due to be GRANTED.

## 6. Motion to Exclude Evidence of Arrest for Unlawful Possession of a Controlled Substance in June 2014

In their sixth Motion in Limine, the Plaintiffs ask the court to preclude the Defendants and their counsel from mentioning, alluding to, or presenting any evidence of Robert Rogers' arrest for possession of a controlled substance on June 6, 2014. The Plaintiffs contend such evidence is irrelevant and immaterial, lacks probative value, and carries a danger of unfair prejudice. The Defendants' Response does not address this Motion in Limine.

The court finds no reason to admit any evidence of Robert Rogers' arrest for possession of a controlled substance, as such evidence is not relevant to the issue of whether he was contributorily negligent in this accident or the extent of any damages resulting therefrom. This is

particularly so because the arrest occurred after the accident at issue in this case. This Motion in Limine, without opposition from the Defendants, is due to be GRANTED.

## CONCLUSION

For the reasons stated, it is hereby ORDERED as follows:

1. The Plaintiffs' first Motion in Limine (Doc. # 56) is DENIED.

2. The Plaintiffs' fourth, fifth, and sixth Motions in Limine (Doc. # 56) are GRANTED.

3. The Plaintiffs' second and third Motions in Limine (Doc. # 56) are DENIED to the extent that the Defendants' counsel may present evidence on the May 23, 2011 CT scan and the fact that Jimmie Rogers was in an accident that day, but GRANTED as to any other evidence of past accidents or injuries, and as to more detailed evidence about the May 23, 2011 accident.

DONE this 29th day of May, 2015.

    /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE