IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JIMMIE ROGERS and ROBERT ROGERS, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) CASE NO. 3:14-CV-179-WHA-WC ) |
| | ) (WO) |
| SOUTH STAR LOGISTICS, INC. and GILL SINGH, | ) ) ) |
| Defendants. | ) ) |

ORDER

This case is before the court on the Defendants' Motion in Limine to Exclude Negligent Hiring/Training/Supervision and Negligent Entrustment Arguments (Doc. # 45), together with related objections to exhibits and portions of depositions.

More often than not, the issue of whether there is sufficient evidence to go to a jury on these theories is presented by a motion for summary judgment, with both sides submitting evidence and argument on the issue and the court having adequate time for careful consideration before ruling. This is particularly important because of the danger of unfair prejudice to the Defendants if evidence of past driving records is admitted and the need of the court to consider balancing, if it first determines that the evidence is relevant. That is not possible here because the deadline for summary judgment motions expired over three months ago, with no request for extension.

1

After a review of what is presently before the court, presented now on the eve of trial, in the form of the Motion in Limine, objections, responses, and trial briefs, the court finds the issue to be a close question. Accordingly, it is hereby ORDERED as follows:

1. The Motion in Limine, together with all objections relating to this issue, are GRANTED and SUSTAINED, provisionally, subject to the procedure set out below.

2. Although Plaintiffs' counsel may, if he chooses to do so, mention in opening statement that their claims will include those referred to in the Motion in Limine, he may not, and his witnesses may not, refer in any way to any evidence they seek to offer in support of them, until allowed to do so outside the presence of the jury.

3. Plaintiffs shall first present all their evidence in support of their claims of liability of the Defendants for negligence and wantonness based on the facts of the accident and the operation of the vehicle by the Defendant driver (agency has been admitted). This will not include evidence of damages.

4. The court will then hold a hearing outside the presence of the jury for the Plaintiffs to state in detail the evidence which they are prepared to submit, and the foundation therefor, to establish their claims based on negligent entrustment, hiring, training, and supervision, and for both sides to argue their positions. The court will then rule and the Plaintiffs will resume presentation of their case to the jury accordingly. If allowed to proceed on the claims, Plaintiffs will be allowed to recall, to the extent necessary, any previous witness to testify limited to support of these claims.

5. No later than **Wednesday, June 3, 2015**, Plaintiffs are DIRECTED to file a brief setting out in detail the witnesses, testimony, and exhibits (whether objected to or not) they will offer in support of these contested claims, including the foundations to be established for

same.  The brief shall specify by exhibit number each exhibit that will be offered and through which witness in the context of the witness's expected testimony.  Testimony to be offered by deposition shall include copies of highlighted portions of the depositions.

DONE this 29th day of May, 2015.

    /s/  W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE