IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JIMMIE ROGERS and ROBERT ROGERS, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>SOUTH STAR LOGISTICS, INC. )<br>and GILL SINGH, )<br>)<br>Defendants. ) | CASE NO. 3:14-CV-179-WHA-WC<br><br>(WO) |

ORDER

This cause is before the court on the Defendants' Motion to Exclude the Plaintiffs' Expert Paul Dillard (Doc. # 41), the Defendants' Objections to the Plaintiffs' Witness List addressed to Paul Dillard (Doc. # 43), and the Defendants' Motion in Limine on FMCSA Data and Records (Doc. # 44). Also before the court are the Plaintiffs' Responses to the motions (Docs. # 61, 63).

1. **Motion to Exclude Plaintiff's Expert Paul Dillard**

In the Defendants' Motion to Exclude (Doc. # 41), they move to exclude the Plaintiffs' expert Paul Dillard on the grounds of lack of reliability and relevance, as required by *Daubert* (Doc. # 41 at 1) and the grounds that his opinions "lack sufficient facts and data, and are completely based on speculation and conjecture," and therefore do not meet the standard required by Fed. R. Evid. 702. (Doc. # 41 at 4.) In response, the Plaintiffs ask the court to deny the motion as untimely because it is based on *Daubert* challenges and the last day to file *Daubert* motions under the Scheduling Order was March 17, 2015 (Doc. # 17 at 1 § 2).

The court agrees with the Plaintiffs that the time for *Daubert* motions has passed, and notes that no motion to extend the deadline was filed. Accordingly, the Motion is DENIED to the extent that the Defendants seek to preclude Dillard from testifying on the basis of reliability and lack of qualifications to express expert opinions. At the current motion in limine stage, the court will examine the relevance of the evidence the expert would offer, rather than his qualifications, as the latter inquiry would have been appropriate upon consideration of a timely *Daubert* motion rather than the instant Motion to Exclude.

According to the Defendants, Paul Dillard is expected to offer "three basic opinions" at trial: "1) that South Star failed to have in place a structured safety program; 2) that South Star failed to train Mr. Gill; and 3) that Mr. Gill failed to use defensive driving techniques including 'visual search methods.'" (Doc. # 41 at 1.) The first two of these opinions are related to the Plaintiffs' claims for negligent entrustment and/or hiring/training/supervision, and will be governed by the procedure set forth in the court's previous Order (Doc. # 81) pertaining to those claims. The third opinion is related to the Plaintiffs' negligence and wantonness claims. This opinion—that Mr. Gill failed to use certain techniques—requires a proper foundation consisting of factual evidence about the collision. Therefore, this portion of the Motion to Exclude is due to be GRANTED, but only to the extent that the Plaintiffs will first have to establish a proper evidentiary foundation as to the facts of the accident before the expert may present his opinion on Mr. Gill's actions, and lay a proper foundation for the admission of any exhibits which may be offered in support of that testimony. This same ruling applies to the Objection to the Witness List addressed to Paul Dillard (Doc. # 43).

**2. Motion to Exclude Evidence Related to the FMCSA, CSA, and BASIC Scores**

In the Defendants' Motion in Limine on FMCSA Data and Records (Doc. # 44), they move to exclude "any information relating to the Federal Motor Carrier Safety Administration (FMCSA), the Compliant Safety Accountability Program (CSA), the BASIC Scores and any correspondence between the FMCSA and South Star." (Doc. # 44 at 1.) This Motion in Limine is related to Plaintiffs' Exhibit Numbers 11, 13, 14, 15, 17, 19, 20, 21, and 23, to which the Defendants have objected (Doc. # 48). The Defendants contend this evidence would confuse the issues, mislead the jury, create undue delay, and its probative value is substantially outweighed by the danger of unfair prejudice; all of which is a basis for the evidence to be excluded under Fed. R. Evid. 403.

In response, the Plaintiffs list all of the related exhibits and explain how they expect to use them. The majority of these exhibits (Exhibits 11, 13, 14, 15, 19, 20, and 23) relate to South Star's safety audit and the process South Star used to hire Mr. Gill. Therefore, these exhibits relate to the negligent entrustment and/or hiring/training/supervision claims, and will also be subject to the procedure set out in the court's previous Order (Doc. # 81). The Plaintiffs have also stated that Exhibit 17[1] (South Star's Company Policy and Safety Manual) and Exhibit 21 (a copy of the Defensive Driving Course Instructors Reference Material 5th Edition (2005), issued by the National Safety Council) are intended to show the company's following distance policy. These exhibits, like the third opinion expected to be offered by Plaintiffs' expert Paul Dillard, are related to the accident itself but require a proper foundation in the form of evidence about the circumstances of the accident,[2] as well as authenticity and relevance of each document.

---

[1] The Plaintiffs did not list Exhibit 17 in their list of related exhibits, but they do discuss it in the body of their Response. (Doc. # 62 at 1, 4.)
[2] Such a foundation would include some grounds for the jury to conclude that insufficient following distance, at least in part, caused the accident.

Therefore, this portion of the Motion in Limine is due to be GRANTED to the extent that the Plaintiffs will have to establish a proper evidentiary foundation before offering either of these exhibits.

## Conclusion

For the reasons discussed, it is hereby ORDERED as follows:

1. The Defendants' Motion to Exclude (Doc. # 41) is GRANTED to the extent that the Plaintiffs will have to establish a proper evidentiary foundation as to the facts of the accident before Paul Dillard may present his opinion on Mr. Gill's actions during the accident at issue in this case.  As to the expert's other opinions, relating to negligent entrustment and/or hiring/training/supervision claims, the Motion is GRANTED, provisionally, subject to the procedures set out in the court's previous Order (Doc. # 81) pertaining to those claims.

2. The Defendants' Motion in Limine (Doc. # 44) is GRANTED to the extent that the Plaintiffs will have to establish a proper evidentiary foundation before offering Exhibit 17 or Exhibit 21, and the Objections to those Exhibits, found in Doc. # 48, are SUSTAINED to the same extent.  As to the other exhibits relating to the Plaintiffs' negligent entrustment and/or hiring/training/supervision claims (Exhibits 11, 13, 14, 15, 19, 20, and 23), the Motion is GRANTED, provisionally, subject to the procedures set out in the court's previous Order (Doc. # 81) pertaining to those claims.  To the extent the previous Order did not dispose of the Objections to these Exhibits, the Objections (found in Doc. # 48) are SUSTAINED as to Exhibits 11, 13, 14, 15, 19, 20, and 23.

3. The Defendants' first objection to the Plaintiffs' Witness List (Doc. # 43) is SUSTAINED, subject to the qualifications set forth above, as to the expert Paul Dillard.

4. The parties are DIRECTED to confer and agree on a redacted transcript of any deposition of Aman Brar expected to be offered by the Plaintiffs in the first phase of their case in chief and an edited video of any deposition of Aman Brar expected to be offered in that phase so as to conform with the previous Order (Doc. # 81) and the effect of this order, and to file a Notice of Compliance **no later than Thursday, June 4, 2015**, and to do the same in regard to the deposition of Defendant Gill.

5. Objections to Deposition Designations not disposed of in this order will be disposed of in a later order.

DONE this 2nd day of June, 2015.

    /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE