IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JIMMIE ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:14-CV-179-WHA-WC |
| ) | (WO) |
| SOUTH STAR LOGISTICS, INC. ) | |
| and SURINDER SINGH GILL, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause comes before the court on Plaintiff's Motion for Cost and Attached Bill of Cost, (Doc. # 116), and Plaintiff's Motion to Tax Interest on Judgment, (Doc. # 138).

In March 2014, Plaintiff Jimmie Rogers sued Defendants South Star Logistics, Inc. and Surinder Singh Gill for negligent driving resulting in a traffic accident. On June 9, 2015, a jury returned a verdict in the Plaintiff's favor and awarded damages in the amount of $500,000. (Doc. # 112). Judgement was entered upon the verdict on June 10, 2015 with costs taxed against the Defendants. (Doc. # 112).

Afterwards, Defendants filed a Renewed Motion for Judgment as a Matter of Law, or Alternatively, Motion for New Trial. (Doc. # 120). In addition, Defendants filed a Motion to Stay Execution of Judgment. *Id.*

Meanwhile, Plaintiff filed a Motion for Cost, seeking an order taxing costs in accordance with 28 U.S.C. § 1920, (Doc. # 116), but later expressly stated no objection to Defendants' Motion to Stay Execution of Judgment in Plaintiff's Brief in Opposition to Defendants' Renewed

Motion for Judgment as a Matter of Law or, Alternatively, Motion for New Trial, and Motion to Stay Execution of Judgment. (Doc. # 124).

The court denied Defendants' Renewed Motion for Judgment as a Matter of Law, or Alternatively, Motion for New Trial. However, because Plaintiff expressly stated no objection to Defendants' Motion to Stay Execution of Judgment or the waiver of the bond requirement, and because "defense counsel . . . represented, as officers of the court, that the policy limits are sufficient to cover the judgment and any interest in full," the court granted Defendants' Motion for Stay of Execution of Judgment, pending disposition of Defendants' post-trial motions on appeal. (Doc. # 128).

On October 13, 2016, the Eleventh Circuit Court of Appeals, in a *per curiam* opinion, affirmed this court's denial of Defendants' post-trial motions. (Doc. # 137).

Plaintiff, subsequently, filed a Motion to tax interest on his $500,000 damages award as set forth in 28 U.S.C. § 1961(a)(b). (Doc. # 138).

For the reasons stated herein, Plaintiff's Motions are due to be GRANTED.

## II.  DISCUSSION

### A.  Costs

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Congress has provided six (6) categories of expenses which may be taxed as costs under Rule 54, including:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Plaintiff filed a Motion for Cost and Attached Bill of Cost, seeking to recover: (A) "fees paid to the Clerk in the amount of $400 for the filing of the complaint in this matter;" (B) "costs of fees paid to 'court reporter' for all or any part of the stenographic transcript . . . [which] includes the costs of deposition transcripts . . . the videotaped charges for the videographer for witnesses;" and (C) "$350 for printing cost incurred by the [Plaintiff's] firm . . . [which] Plaintiff's counsel believes . . . is a reasonable cost for printing and copies of matters that are related to this case." (Doc. # 116). All told, Plaintiff requests totaled $4,768.23 in costs.

Attached to his request, Plaintiff's counsel attached an affidavit attesting that he has personal knowledge of the facts stated in Plaintiff's Motion and included receipts for all of the requests. (Doc. # 116-1–4); *See* 28 U.S.C. § 1924 ("Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.")

The Defendants acknowledged the claim of $4,768.23 in costs in moving to waive bond requirements. (Doc. # 120).

Accordingly, the court finds that the Plaintiff's Motion for Cost and Attached Bill of Cost, (Doc. # 116), is due to be GRANTED.

### B. Interest

Plaintiff also filed a Motion to Tax Interest on Judgment under 28 U.S.C. § 1961(a). Section 1961(a) provides in relevant part:

> "Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for calendar week preceding[] the date of the judgment.

Postjudgment interest accrues from the date of the entry of judgment. *See Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990). Defendants acknowledged that this interest would be due in the event their appeal was unsuccessful. (Doc. # 120).

In this case, judgment was entered on June 10, 2015. (Doc. # 112). Accordingly, postjudgment interest accrues from that date in accordance with the rate described in § 1961.

Therefore, Plaintiff's Motion to Tax Interest on the Judgment is due to be GRANTED.

### III.  CONCLUSION

For the reasons stated herein, it is hereby ORDERED as follows:

1. Plaintiff's Motion for Cost in the amount of $4,768.23, (Doc. # 116), is GRANTED in accordance with Rule 54(d) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920.

2. Plaintiff's Motion to Tax Interest on Judgment, (Doc. # 138), is GRANTED. Interest on the judgment will be assessed in accordance with the rate described in 28 U.S.C. § 1961.

3. Execution may issue in the amount of $500,000, plus costs and post-judgment interest.

Done this 27th day of October, 2016.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE